14-1941-cr
United States v. Troncoso

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of June two thousand seventeen.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                      *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

            v.                                        14-1941-cr

JUAN PABLO MAMALEJO TRONCOSO,
AKA JUAN PABLO MAMALEJO-TRONCOSO,

                      *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Bruce R. Bryan, Syracuse, NY.

Appearing for Appellee:      Frank Balsamello, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Joon H. Kim, Acting United States Attorney, Southern District of New York, New York, NY.

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **MODIFIED** and **AFFIRMED** as modified.

Defendant-Appellant Juan Pablo Mamalejo Troncoso appeals the judgment of conviction and sentence of 132 months' imprisonment and five years' supervised release entered May 28, 2014 by the United States District Court for the Southern District of New York (Pauley, *J.*). Troncoso was convicted of conspiracy to commit Hobbs Act robbery, and of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 18 U.S.C. § 1951 and 21 U.S.C. §§ 841(a)(1) and 846. These charges resulted from a "reverse sting" operation in which a government informant created the illusion that defendants would take part in a robbery of significant quantities of cocaine, when in fact no illegal drugs were present and defendants instead were led into the hands of federal agents. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review sentences using a 'deferential abuse-of-discretion standard.'" *United States v. Bennett*, 839 F.3d 153, 158 (2d Cir. 2016), *as amended* (Oct. 7, 2016) (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)). "This review has both procedural and substantive components." *Id.* "First, we scrutinize whether the District Court has committed 'significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. . . .'" *Id.* at 158-59 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

"Once we have determined that the sentence is procedurally sound, we then review the substantive reasonableness of the sentence, reversing only when the trial court's sentence 'cannot be located within the range of permissible decisions.'" *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010) (quoting *Cavera*, 550 F.3d at 189). We have "likened our substantive review to the consideration of a motion for a new criminal jury trial, which should be granted only when the jury's verdict was 'manifestly unjust,' and to the determination of intentional torts by state actors, which should be found only if the alleged tort 'shocks the conscience.'" *Id.* at 183 (citations omitted).

Troncoso contends that the district court erred in making factual findings as to the quantity of cocaine involved in the offense, and its value, and also in finding that he used a firearm in connection with the offense. The district court's finding that Troncoso conspired to steal a quantity of forty kilograms of cocaine draws support from circumstantial record evidence suggesting that defendants believed a significant quantity would be stolen, including the warehouse target of the robbery and a co-conspirator's statement that the robbery "is for us to retire." *See* Presentence Report ¶ 17. Moreover, the fact that a co-conspirator asked the government agent whether forty kilograms would be in the warehouse suggests that such a quantity had been contemplated by the conspirators. The district court made no error in determining the cocaine's potential value, as it conducted an evidentiary hearing and accepted

only the lowest value estimate provided by the government's witness. And the court did not commit clear error in finding that Troncoso possessed a firearm in connection with the offense, as Troncoso's DNA was found on a firearm recovered from one of the cars brought to the robbery.

Troncoso argues that the district court erred in failing to reduce his guidelines range because he was a minor or minimal participant in the offense. "A sentencing court's assessment of the defendant's role in criminal activity is highly fact-specific and depends upon the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir. 1993) (internal quotation marks omitted). We discern no clear error in the court's finding that his participation in the offense mirrored that of some others, and we do not think his lack of participation in planning or organizing the offense makes him, without more, entitled to this relief. *See, e.g., United States v. Garcia*, 920 F.2d 153, 154-55 (2d Cir. 1990) (holding that drug courier was not entitled to minor role reduction).

Troncoso also challenges the substantive reasonableness of his sentence. Given the nature of the offense—particularly the involvement of a weapon—as well as the district court's below-Guidelines term of imprisonment, we cannot say that the sentence "cannot be located within the range of permissible decisions." *Dorvee*, 616 F.3d at 179.

Troncoso additionally seeks relief because of "sentencing factor manipulation and sentencing entrapment," Appellant's Br. at 57-58. "Sentencing entrapment, a concept we have said has not yet been recognized in this Circuit, would, if applicable, preclude a sentence where outrageous official conduct has overcome the defendant's will." *United States v. Cromitie*, 727 F.3d 194, 226 (2d Cir. 2013) (internal quotation marks, citations, and brackets removed). "Sentencing manipulation, which we have also not yet recognized, would, if applicable, [also] require a showing of 'outrageous' misconduct." *Id.* (internal citation omitted). In this case, Troncoso presents no explanation of why the government's conduct was "outrageous." Even if we were to adopt the doctrine, it would thus not apply here.

The parties agree that the district court's order that the defendant forfeit $100,000 should be eliminated for reasons including lack of factual basis in the record.

We have considered all of Troncoso's additional arguments and determine them to be without merit. The district court's judgment is **MODIFIED** to eliminate the $100,000 forfeiture order, and the judgment is **AFFIRMED** as modified**.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk